UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ROMAIN JOSEPH | CIVIL ACTION NO. 18-1261 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| CITY OF FAITH HALF WAY HOUSE, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Plaintiff Romain Joseph, a prisoner at River Bend Detention Center, proceeding pro se and in forma pauperis, filed the instant proceeding on September 25, 2018, under 42 U.S.C. § 1983. He names the following Defendants: City of Faith Half Way House, Director Cathy Biedenharn, Co-Director Mr. Oneal, Co-Director Mr. Banks, and Mr. Michael.[1] For reasons that follow, it is recommended that Plaintiff's claims be dismissed with prejudice.

### Background

Plaintiff alleges that, on April 23, 2018, while he was being transported from Elayn Hunt Correctional Center ("EHCC"), the City of Faith transport vehicle in which he was a passenger collided with another vehicle, injuring his head, right knee, and left leg. [doc. # 1, p. 3]. Plaintiff claims that the vehicle's seatbelts were damaged and inoperable prior to the collision. *Id.* He faults Defendant Michael for "unsafe operation." [doc. # 8, p. 5].

After the collision, Plaintiff was transported back to EHCC, where he did not receive any medical attention. He was transported to University Health Conway the following day, but he claims that, because he had no insurance, he "was not examined" or "given a complete checkup."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[doc. #s 1, p. 3; 8, p. 4]. He seeks medical treatment and $85,000.00.

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Negligence**

Plaintiff faults the driver, Mr. Michael, for carelessly operating the transport vehicle, and he claims that Defendants Biedenharn, Oneal, and Banks are vicariously liable for Michael's carelessness. [doc. # 8, pp. 5-6]. Plaintiff also claims that the vehicle lacked operable seatbelts.

To state a claim under Section 1983, a prisoner must allege a violation of a constitutional right. Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of*

*Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

Here, Plaintiff does not allege any facts indicating that a defendant knew he faced a substantial risk of serious harm or that a defendant was deliberately indifferent to such a risk. Rather, Plaintiff alleges that Michael should have utilized additional care when driving and that Defendants should have ensured that the vehicle's seatbelts were in operable condition.[3] Defendants' actions, under Plaintiff's allegations, amount to no more than possible negligent conduct.[4] To the extent Plaintiff seeks to pursue negligence claims, he should do so in state court.

**3. Medical Care**

Following the collision, Plaintiff was transported back to EHCC, where he did not

---

[3] See *Cooks v. Crain*, 327 Fed. App'x. 493 (5th Cir. 2009) (finding "no violation of a federally protected right by the absence of seatbelts" in large passenger vans); *Bell v. Norwood*, 325 Fed. App'x. 306 (5th Cir. 2009) (opining that the plaintiff did not show that "the defendants infringed his constitutional rights by transporting him in vehicles that were not equipped with seatbelts."); *Porter v. Willis*, 2016 WL 1032303, at *2 (M.D. La. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1064546 (M.D. La. Mar. 15, 2016) (holding, where the plaintiff was injured when transported to a prison work site in a trailer with no seat belts, that the plaintiff presented only allegations of negligence).

[4] See *Leonard v. Concordia Par. Sheriff's Office*, 2018 WL 3147564, at *1 (W.D. La. May 16, 2018), report and recommendation adopted, 2018 WL 3131037 (W.D. La. June 26, 2018) (finding, where the detainee-plaintiff alleged that he was injured when a sheriff's office vehicle struck an object that fell from another vehicle, that the claim amounted to mere negligence); *Burns v. Davis*, 2017 WL 4250529, at *4 (S.D. Tex. Sept. 22, 2017) (finding, where the inmate-plaintiff alleged that the defendant drove at excessive speeds in wet and foggy conditions, that the claim sounded in negligence); *Porter v. Willis*, 2016 WL 1032303, at *3 (M.D. La. Feb. 16, 2016), report and recommendation adopted, 2016 WL 1064546 (M.D. La. Mar. 15, 2016); see also *Crumbliss v. Darden*, 469 F. App'x 325 (5th Cir. 2012) (holding that prison officers were not deliberately indifferent to a prisoner's safety when they transported him in a van that did not have tie down straps for his wheelchair).

receive any medical attention. He was transported to University Health Conway the next day, but he claims that, because he had no insurance, he "was not examined" or "given a complete checkup." [doc. #s 1, p. 3; 8, p. 4].

The undersigned instructed Plaintiff to allege facts establishing that specific, identified individuals were deliberately indifferent to a substantial risk of serious medical harm to him. [doc. # 7, p. 2]. The undersigned also instructed Plaintiff to describe the treatment and/or medication that Defendants should or should not have provided and to provide a description of "what, exactly, each Defendant did to violate his rights; in other words, a description of how each Defendant participated in the violation of his constitutional rights." *Id.* at 2.

Plaintiff, however, amended with only conclusory allegations. He claims that he received no care at EHCC following the collision and that he received inadequate care the next day at University Health Conway. Defendants, however, work for City of Faith; there is no indication that they are employed by, or are responsible for providing care at, EHCC or University Health Conway. While it is unclear which entity employed "Mr. Michael," Plaintiff does not describe how Mr. Michael was involved in depriving him of medical care.

Ultimately, Plaintiff does not identify a responsible Defendant and, by extension, fails to allege that any particular individual knew of a substantial risk of serious harm to his health and disregarded that risk.[5] As Plaintiff fails to plead enough facts to state a plausible claim, this

---

[5] Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

claim should be dismissed.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Romain Joseph's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 1st day of November, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE